IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF ORION MARINE CONSTRUCTION, INC., AS OWNER OF THE DREDGE *JOHN C. LAQUAY*, ITS ENGINES, GEAR, TACKLE, APPURTENANCES, EQUIPMENT, ETC., | § § § § § § § § | CIVIL ACTION NO. H-12-3186 |
| Plaintiff. | | |

ORDER

Pending are Claimant Inocente Cepeda's ("Claimant") Motion for Leave to File Claim and Answer (Document No. 12), Petitioner Orion Marine Construction Inc.'s ("Petitioner") Motion for Default Judgment (Document No. 13), Petitioner's Motion to Strike Claim and Answer (Document No. 15), Petitioner's Motion for Summary Judgment (Document No. 27), and Claimant's Motion to Lift Stay Order (Document No. 32).

Petitioner filed a Petition for Exoneration from or Limitation of Liability in this Court on October 25, 2012.[1]  This Court subsequently ordered all persons with claims relating to the voyage at issue to file them by January 31, 2013.[2]  Claimant did not file his claim until February 18, 2013.[3]

---

[1] Document No. 1.

[2] Document No. 4.

[3] Document No. 11.

Courts sitting in admiralty may exercise their discretion to permit the filing of late claims. Golnoy Barge Co. v. M/T SHINOUSSA, 980 F.2d 349, 351 (5th Cir. 1993); see also FED. R. CIV. P. SUPP. A.M.C. F(4) ("For cause shown, the court may enlarge the time within which claims may be filed."). The Court considers: (1) whether the proceeding is pending; (2) whether allowing the late filing will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late. Golnoy Barge, 980 F.2d at 351. The limitation proceeding is still pending, and there are no other claimants who would be adversely affected. Petitioner has known of the claim for many months and evidently participated in preliminary discovery with Claimant in the state court case. Claimant's excuse for the tardy filing is his counsel's admitted oversight--which he blamed upon his having been out of town in Chicago attending a hearing and deposition. Considering the totality of the circumstances and the relatively brief delay that resulted, the Court will allow the late-filed claim.

Claimant's stipulations are sufficient to protect Petitioner's rights,[4] and Claimant's Motion to Lift Stay will therefore be

---

[4] See Document No. 32-1, ex. A. Compare In re Tetra Applied Techs. L.P., 362 F.3d 338, 341 (5th Cir. 2004) (holding that claimant's stipulation was adequate to protect the owner's rights under the Limitation of Liability Act where claimant stipulated that (1) Petitioner was entitled to litigate limitation of liability issues in the district court; (2) the Claimant would not seek a ruling on Petitioner's right to limitation of liability in other federal or state courts; (3) Claimant waived claims of res judicata relevant to the limitation of liability issue based on any

granted. Petitioner's Motion for Summary Judgment is denied as moot. *See* <u>Matter of Cooper/T. Smith Stevedoring Co., Inc.</u>, 735 F. Supp. 689, 692 (E.D. La. 1990) (Sears, J.) (denying Petitioner's motion for partial summary judgment on claimant's Jones Act seaman status and stating that "whether Thompson is a Jones Act seaman is irrelevant to this limitation proceeding"). Accordingly, it is

ORDERED that Inocente Cepeda's Motion for Leave to File Claim and Answer (Document No. 12) is GRANTED, and Petitioner Orion Marine Construction Inc.'s Motion for Default Judgment (Document No. 13) and Motion to Strike Claim and Answer (Document No. 15) are DENIED. It is further

ORDERED that Inocente Cepeda's Motion to Lift Stay Order (Document No. 32) is GRANTED, and Petitioner's Motion for Summary Judgment (Document No. 27) is DENIED as moot.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 25TH day of June, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

judgment by the state court; and (4) Claimant would not seek to enforce any excess judgment insofar as it would expose Petitioner to liability in excess of the limitation fund pending the adjudication of the limitation of liability complaint).